**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
District of Delaware
(State)

Case number *(if known)*: ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

**1. Debtor's Name**

Eagle River Coal, LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

Eagle River No. 1 Mine

**3. Debtor's federal Employer Identification Number** (EIN)

26-4206614

**4. Debtor's address**

**Principal place of business**

250 Cross Pointe Boulevard
Number Street

Evansville, IN 47715
City State Zip Code

Vanderburgh County
County

**Mailing address, if different from principal place of business**

Number Street

City State Zip Code

**Location of principal assets, if different from principal place of business**

29 W. Raymond Street

Harrisburg, Illinois 62946

**5. Debtor's website** (URL)

N/A

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: ____________

Debtor Eagle River Coal, LLC
Name

Case number *(if known)*

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2121

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B)..

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District ______ When ______ (MM/DD/YYYY) Case number ______

District ______ When ______ (M/DD/YYYY) Case number ______

Debtor Eagle River Coal, LLC Case number (*if known*)
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor See Schedule 1 Relationship Affiliate

District Delaware When 12 / 02 / 2020 MM / DD / YYYY

Case number, if known

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number Street

City State Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor Eagle River Coal, LLC
Name

Case number (if known)

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **1/26/2021**
MM/ DD / YYYY

✘ ***/s/ David J. Beckman***
Signature of authorized representative of debtor

**David J. Beckman**
Printed name

Title **Authorized Signatory**

**18. Signature of attorney**

✘ ***/s/ M. Blake Cleary***
Signature of attorney for debtor

Date **1/26/2021**
MM/DD/YYYY

**M. Blake Cleary**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 North King Street**
Number Street

**Wilmington**
City

**DE**
State

**19801**
ZIP Code

**302-571-6600**
Contact phone

**mbcleary@ycst.com**
Email address

**3614**
Bar number

**DE**
State

| **Fill in this information to identify the case**: | | |
|---|---|---|
| United States Bankruptcy Court for the: District of Delaware (State) | | |
| Case number *(if known)*: | | Chapter 11 |

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Affiliates of the Debtor**

On December 2, 2020, each of the entities listed below (collectively, the "Affiliated Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Affiliated Debtors' cases are being jointly administered under the case number assigned to the chapter 11 case of *In re White Stallion Energy, LLC*, Case No. 20-13037 (LSS). The Debtor will file a motion seeking to have its chapter 11 case jointly administered with the Affiliated Debtors' chapter 11 cases.

- Alchemy Fuels, LLC, Case No. 20-13038
- Carbo*Prill, LLC, Case No. 20-13039
- Chili Pepper Mine, LLC, Case No. 20-13040
- Friendsville Mine LLC, Case No. 20-13041
- Liberty Mine, LLC, Case No. 20-13042
- Red Brush West, LLC, Case No. 20-13043
- Solar Sources Mining, LLC, Case No. 20-13044
- Trust Resources, LLC, Case No. 20-13045
- Vigo Coal Land, LLC, Case No. 20-13046
- Vigo Coal Operating Co., LLC, Case No. 20-13047
- Vigo Coal Sales, LLC, Case No. 20-13048
- Vigo Cypress Mine LLC, Case No. 20-13049
- Vigo Equipment, LLC, Case No. 20-13050
- Vigo Sunna, LLC, Case No. 20-13051
- White Stallion - Eagle River, LLC, Case No. 20-13052
- White Stallion - Solar, LLC, Case No. 20-13053
- White Stallion Acquisition, LLC, Case No. 20-13054
- White Stallion Energy, LLC, Case No. 20-13037
- White Stallion Holdings, LLC, Case No. 20-13055

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| EAGLE RIVER COAL, LLC | ) | Case No. 21-_____ (___) |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| White Stallion - Eagle River, LLC | 51% |
| Franks LLC | 24.5% |
| WARE Energy, LLC | 24.5% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EAGLE RIVER COAL, LLC | Case No. 21-_____ (___) |
| | (Joint Administration Requested) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder (if known) | Percentage of Equity Held |
|---|---|---|---|
| Eagle River Coal, LLC | White Stallion - Eagle River, LLC | 250 Cross Pointe Boulevard Evansville, IN 47715 | 51% |
| Eagle River Coal, LLC | Franks LLC | 29 West Raymond Street Harrisburg, IL 62946 | 24.5% |
| Eagle River Coal, LLC | WARE Energy, LLC | 29 West Raymond Street Harrisburg, IL 62946 | 24.5% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**
Debtor name: Eagle River Coal, LLC
United States Bankruptcy Court for the District of Delaware
Case number (if known): ________________

□ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | MACALLISTER MACHINERY CO., INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>DEPT 78731<br>PO BOX 78000<br>DETROIT, MI 48278-0731 | MACALLISTER MACHINERY CO., INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 317-545-2151<br>FAX: 317-860-3310<br>EMAIL: credit@macallister.com | TRADE | | | | $10,575,293.34 |
| 2 | OLD NATIONAL BANK<br>ATTN: 111 - PAYCHECK PROTECTION PROGRAM<br>1 MAIN ST<br>EVANSVILLE, IN 47708 | OLD NATIONAL BANK<br>ATTN: 111 - PAYCHECK PROTECTION PROGRAM<br>PHONE: 800-731-2265<br>FAX: 812-464-1551<br>EMAIL: jennifer.gilbert@oldnational.com | BANK LOANS | | | | $10,064,818.16 |
| 3 | SYNENERGY PARTNERS LLC<br>ATTN: CHRIS CASH<br>PO BOX 545<br>VERNON, MT 47620 | SYNENERGY PARTNERS LLC<br>ATTN: CHRIS CASH<br>PHONE: 812-838-4468<br>FAX: 812-838-8308<br>EMAIL: jowens@synenergypartners.com | TRADE | | | | $7,033,076.84 |
| 4 | KOHMATSU FINANCIAL LIMITED PARTNERSHIP<br>ATTN: JASON LEE<br>8770 W BRYN MAWR AVENUE, SUITE 100<br>CHICAGO, IL 60631 | KOHMATSU FINANCIAL LIMITED PARTNERSHIP<br>ATTN: JASON LEE<br>PHONE: 847-437-3330<br>FAX: 847-437-3199<br>EMAIL: jholtz@kohmatsuna.com | TRADE | | | | $4,908,871.45 |
| 5 | WAREX<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 310<br>BOONVILLE, IN 47601 | WAREX<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 812-473-6066<br>FAX: 812-477-8381<br>EMAIL: bobjameswarex@aol.com | TRADE | | | | $4,331,193.40 |
| 6 | CATERPILLAR FINANCIAL SER CORP<br>ATTN: DAVID WALTON<br>PO BOX 730681<br>DALLAS, TX 75373-0681 | CATERPILLAR FINANCIAL SER CORP<br>ATTN: DAVID WALTON<br>PHONE: 615-341-1000<br>FAX: 615-341-115<br>EMAIL: nabc.customerservice@cat.com | TRADE | | | | $2,054,885.36 |
| 7 | HAWKINS BAILEY WHSE INC<br>ATTN: RANDY HAWKINS & DAMON BAILEY<br>1101 12TH STREET STE A<br>BEDFORD, IN 47421 | HAWKINS BAILEY WHSE INC<br>ATTN: RANDY HAWKINS & DAMON BAILEY<br>PHONE: 812-275-8888<br>FAX: 812-278-9999<br>EMAIL: heathhawkins@hawkins-bailey.com; bobyoung@hawkins-bailey.com | TRADE | | | | $1,658,725.09 |
| 8 | WHAYNE SUPPLY CO<br>ATTN: MONTY BOYD, FOUNDER & CEO, BEVERLY KNEAR<br>DBA BOYD COMPANY<br>10001 LINN STATION RD<br>LOUISVILLE, KY 40223 | WHAYNE SUPPLY CO<br>ATTN: MONTY BOYD, FOUNDER & CEO, BEVERLY KNEAR<br>PHONE: 502-774-4441<br>FAX: 502-778-2296<br>EMAIL: beverly_knear@whayne.com | TRADE | | | | $1,624,760.45 |
| 9 | SMITH-MANUS<br>ATTN: BROOK SMITH<br>2307 RIVER ROAD, SUITE 200<br>LOUISVILLE, KY 40206-5005 | SMITH-MANUS<br>ATTN: BROOK SMITH<br>PHONE: 800-235-9347; 502-636-9191<br>FAX: 502-636-5328<br>EMAIL: info@smithmanus.com; bsmith@smithmanus.com | PROFESSIONAL SERVICES | | | | $1,611,897.00 |
| 10 | CONNELL EQUIP LEASING<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>300 CONNELL DRIVE<br>BERKELEY HEIGHTS, NJ 07922- | CONNELL EQUIP LEASING<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 908-673-3700<br>FAX: 908-673-3800<br>EMAIL: lalevee@connellco.com | TRADE | | | | $1,421,750.00 |
| 11 | RUDD EQUIPMENT CO<br>ATTN: TIM MURPHY, BRANCH VICE PRESIDENT<br>DEPT 77432<br>PO BOX 77000<br>DETROIT, MI 48277 | RUDD EQUIPMENT CO<br>ATTN: TIM MURPHY, BRANCH VICE PRESIDENT<br>PHONE: 502-456-4050<br>FAX: 502-458-2515<br>EMAIL: cniemeier@ruddequipment.com | TRADE | | | | $1,341,946.79 |
| 12 | CUMMINS SALES AND SERVICE<br>ATTN: TONY S., PRESIDENT & COO<br>75 REMITTANCE DRIVE<br>SUITE 1701<br>CHICAGO, IL 60675-1701 | CUMMINS SALES AND SERVICE<br>ATTN: TONY S., PRESIDENT & COO<br>PHONE: 812-377-5000<br>FAX: 317-240-1215<br>EMAIL: kenneth.hurst@cummins.com | TRADE | | | | $1,305,400.92 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 13 | C&M GIANT TIRE, LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>980 W NEW CIRCLE RD<br>LEXINGTON, KY 40511 | C&M GIANT TIRE, LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 859-281-1320<br>FAX: 812-674-2369<br>EMAIL: rusty@cmgianttire.com | TRADE | | | | $1,005,371.10 |
| 14 | ONYETT FABRICATORS INC<br>ATTN: ROBERT ONYETT, PRESIDENT<br>3377 NORTH STATE ROAD 57<br>PETERSBURG, IN 47567 | ONYETT FABRICATORS INC<br>ATTN: ROBERT ONYETT, PRESIDENT<br>PHONE: 812-354-8899<br>FAX: 812-354-8877<br>EMAIL: thensler@onyettfab.com | PROFESSIONAL SERVICES | | | | $858,931.43 |
| 15 | BRANDEIS MACHINERY AND SUPPLY<br>ATTN: MICHAEL BRENNAN, CEO<br>DEPARTMENT 8013<br>CAROL STREAM, IL 60122-8013 | BRANDEIS MACHINERY AND SUPPLY<br>ATTN: MICHAEL BRENNAN, CEO<br>PHONE: 502-493-4380<br>FAX: 502-499-3180<br>EMAIL: michael_brennan@bramco.com | TRADE | | | | $645,787.84 |
| 16 | CUSTOM STAFFING SERVICES<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>1820 N. GREEN RIVER ROAD<br>EVANSVILLE, IN 47715 | CUSTOM STAFFING SERVICES<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 812-474-7400<br>FAX: 812-474-7411<br>EMAIL: ehigginson@customstaffingservices.com | PROFESSIONAL SERVICES | | | | $602,379.00 |
| 17 | BRAKE SUPPLY COMPANY<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>4280 PAYSHPERE CIRCLE<br>CHICAGO, IL 60674 | BRAKE SUPPLY COMPANY<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 812-452-3831<br>FAX: 812-759-6703<br>EMAIL: jhickman@brake.com | TRADE | | | | $553,760.64 |
| 18 | JOHN FABICK TRACTOR CO.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>1 FABICK DR.<br>FENTON, MO 63026-2986 | JOHN FABICK TRACTOR CO.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 636-343-5900<br>FAX: 636-680-1550<br>EMAIL: michael.malone@fabickcat.com | TRADE | | | | $484,308.31 |
| 19 | GIBCO MOTOR EXPRESS LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 8158<br>EVANSVILLE, IN 47716-8358 | GIBCO MOTOR EXPRESS LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 606-432-1535; 606-835-9143<br>FAX: 812-473-2517<br>EMAIL: LMeeks@gibcomotorexpress.com | TRADE | | | | $483,978.89 |
| 20 | BOWMAN FAMILY HOLDINGS<br>ATTN: JACKIE B PONDER<br>6755 GRAY RD<br>INDIANAPOLIS, IN 46237 | BOWMAN FAMILY HOLDINGS<br>ATTN: JACKIE B PONDER<br>PHONE: 317-691-8903<br>FAX: N/A<br>EMAIL: jbponder@bfhinc.com | ROYALTY / TRADE | | | | $446,648.51 |
| 21 | COAL SALES VENTURES INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>488 MAGNOLIA VALE DR<br>CHATTANOOGA, TN 37419 | COAL SALES VENTURES INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 423-903-8887<br>FAX: 423-822-7592<br>EMAIL: Steve_hicks@comcast.net | PROFESSIONAL SERVICES | | | | $333,221.79 |
| 22 | ROCK CREEK LLC<br>ATTN: THOMAS A. BELLES, SENIOR PARTNER<br>PO BOX 444<br>HARRISBURG, IL 62946 | ROCK CREEK LLC<br>ATTN: THOMAS A. BELLES, SENIOR PARTNER<br>PHONE: 202-333-8140<br>FAX: 202-424-7654<br>EMAIL: info@rockcreekdc.com | ROYALTY | | | | $329,336.31 |
| 23 | SNF MINING INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 405655<br>ATLANTA, GA 30384-5655 | SNF MINING INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 606-432-1535; 606-835-9143<br>FAX: 606-437-0563<br>EMAIL: remittance@snfhc.com | TRADE | | | | $303,381.84 |
| 24 | EXTREME WELDING & MACHINE<br>ATTN: ARDON SMITH<br>1506 US HWY 45 N<br>ELDORADO, IL 62930 | EXTREME WELDING & MACHINE<br>ATTN: Ardon Smith<br>PHONE: 618-272-7237<br>FAX: N/A<br>EMAIL: extreme_weld@yahoo.com | TRADE | | | | $229,045.75 |
| 25 | XYLEM DEWATERING SOLUTIONS<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>26717 NETWORK PLACE<br>CHICAGO, IL 60673-1267 | XYLEM DEWATERING SOLUTIONS<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 707-422-9894<br>FAX: 707-422-9808<br>EMAIL: priyadarshini.v@xyleminc.com | TRADE | | | | $210,623.27 |

Debtor Eagle River Coal, LLC Case number (if known)________________

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 26 | ALL TYPE HYDRAULIC<br>ATTN: C.R. TUCKER<br>12836 HWY 57<br>EVANSVILLE, IN 47725 | ALL TYPE HYDRAULIC<br>ATTN: C.R. TUCKER<br>PHONE: 800-457-3160<br>FAX: 812-867-7401<br>EMAIL: cr.tucker@tuckerhyd.com | TRADE | | | | $185,890.00 |
| 27 | MEGA HIGHWALL MINING<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 5005 PMB # 116<br>RANCHO SANTA FE, CA 92067 | MEGA HIGHWALL MINING<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 800-227-1960<br>FAX: 606-929-5513<br>EMAIL: ckitchell@sdhg.com | TRADE | | | | $182,775.00 |
| 28 | ROCKWOOD CASUALTY INS. CO.<br>ATTN: JOHN MILLER<br>654 MAIN STREET<br>ROCKWOOD, PA 15557 | ROCKWOOD CASUALTY INS. CO.<br>ATTN: JOHN MILLER<br>654 MAIN STREET<br>PHONE: 814-926-5307<br>FAX: 814-926-3027<br>EMAIL: John.Miller@rockwoodcasualty.com | INSURANCE | | | | $164,269.00 |
| 29 | CENTRIFUGAL SERVICES<br>ATTN: CARMEN CONCI<br>24708 NETWORK PLACE<br>CHICAGO, IL 60673 | CENTRIFUGAL SERVICES<br>ATTN: CARMEN CONCI<br>PHONE: 618-268-4850<br>FAX: N/A<br>EMAIL: carmen.conci@elginps.com | TRADE | | | | $153,293.30 |
| 30 | CLARK'S COMMERCIAL SERVICES<br>ATTN: JEREMY CLARK<br>125 WHITE RIDGE COURT<br>WASHINGTON, IN 47501 | CLARK'S COMMERCIAL SERVICES<br>ATTN:JEREMY CLARK<br>PHONE: 812-617-5773<br>FAX: N/A<br>EMAIL:N/A | TRADE | | | | $143,670.00 |

Fill in this information to identify the case and this filing:

Debtor Name: Eagle River Coal, LLC

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration Corporate Ownership Statement, List of Equity Security Holders, and Resolutions of Corporation

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**1/26/2021**
MM/ DD/YYYY

✘ ***/s/ David J. Beckman***
Signature of individual signing on behalf of debtor

**David J. Beckman**
Printed name

**Authorized Signatory**
Position or relationship to debtor

*Execution Version*

**UNANIMOUS WRITTEN CONSENT**

**OF THE MEMBERS**

**OF**

**EAGLE RIVER COAL, LLC**

January 24, 2021

The undersigned, being all of the members (the "**Members**") of Eagle River Coal, LLC, an Indiana limited liability company (the "**Company**"), acting by written consent without a meeting pursuant to Title 23, Article 18, Chapter 4, Section 3(a) of the 2010 Indiana Code (the "**Act**") and in accordance with the Third Amendment and Restatement of the Operating Agreement of the Company, dated as of April 17, 2017 (as amended, the "**LLC Agreement**"), hereby consent to, adopt and approve the following resolutions as of the date set forth above:

**WHEREAS**, on December 2, 2020, White Stallion - Eagle River, LLC ("**WSER**"), a Member of the Company, and certain of WSER's direct and indirect parents and affiliates (collectively, the "**Debtors**"), filed voluntary petitions for relief (each, a "**Filed Chapter 11 Case**" and collectively, the "**Filed Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in which the authority for each such Debtor to operate as a debtor in possession was sought;

**WHEREAS**, pursuant to Section 5.2.5 of the LLC Agreement, the Company, acting through the consent of the holders of at least 80% of the Membership Rights (as defined in the LLC Agreement) of the Company, has the authority to file a voluntary petition in bankruptcy and take any other voluntary acts under applicable bankruptcy or insolvency laws;

**WHEREAS**, the Members have considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Members have consulted with the management and the financial and legal advisors of the Company and fully considered each of the strategic alternatives available to the Company; and

**WHEREAS**, after careful consideration, the Members have determined that it is desirable and in the best interests of the Company, its creditors, stakeholders and other interested parties, that the Company join the Filed Chapter 11 Cases, by filing or causing to be filed a voluntary petition for relief (the "**Chapter 11 Case**"), and seeking joint administration thereof with the Filed Chapter 11 Cases, under the provisions of the Bankruptcy Code in the Bankruptcy Court in which the authority for the Company to operate as a debtor in possession will be sought;

**WHEREAS**, each of Thomas W. Frank and Thomas Ryan Frank have tendered to the Company resignations as officers and agents of the Company by delivering to the Company resignation letters in substantially the form of resignation letter attached hereto as Exhibit A (the "**Resignations**"), and the Members have determined that it is desirable and in the best interests of the Company to accept the Resignations; and

**WHEREAS**, in connection with the Resignations, the Members desire that David Beckman, as an authorized officer of the Company, exercise diligence to have Thomas W. Frank and Thomas Ryan Frank removed or otherwise no longer associated with the Company as agents and/or contact persons for the Company with the Illinois Department of Natural Resources, the Mine Safety and Health Administration, the Internal Revenue Service, the Illinois Department of Revenue, and the Illinois Secretary of State, to the extent they currently are agents and/or contact persons and to the extent such removal or disassociation is legally permissible and commercially reasonable.

**1. APPROVAL OF CHAPTER 11 FILING**

**NOW, THEREFORE, BE IT RESOLVED**, that the Company shall be, and hereby is, authorized, directed, and empowered to file or cause to be filed the Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court and to seek joint administration thereof with the Filed Chapter 11 Cases;

**FURTHER RESOLVED**, that any terms in the LLC Agreement providing for the dissolution or winding up of a Company upon the bankruptcy or dissolution of a member of the Company are hereby waived by the Company so that the bankruptcy or dissolution of any member of a Company, or any other event related to the commencement of the Chapter 11 Case, shall not cause the Company to be dissolved or its affairs to be wound up, and upon the occurrence of any such event, the Company shall continue without dissolution; and

**FURTHER RESOLVED**, that David Beckman (the "**Authorized Officer**"), acting alone or with one or more other directors or officers of any Company be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, motions, papers, documents, or other filings, and to take any and all action that he deems necessary or proper to obtain such relief, including any action necessary to maintain the ordinary-course operation of the Company's business.

**2. RETENTION OF PROFESSIONALS**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the law firm of Paul Hastings LLP ("**Paul Hastings**") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Paul Hastings;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the law firm of Young Conaway Stargatt & Taylor, LLP ("**Young**

**Conaway**") as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Young Conaway;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the firm FTI Consulting, Inc. ("**FTI**") as financial advisor to, among other things, assist the Company in (i) developing financial data for evaluation by its Members, creditors, or other third parties (in each case as requested by the Company), (ii) responding to issues related to the Company's financial liquidity, and (iii) selling the Company's assets, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of FTI;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the firm of Prime Clerk LLC ("**Prime Clerk**") as notice and claims agent and administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and empowered to (a) employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and (b) in connection therewith, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that the Authorized Officer (and his designees and delegates) be, and hereby is, authorized, empowered, and directed to (a) execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, (b) in connection therewith, employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (c) take and perform any and all further acts and deeds that the Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

**3. APPROVAL OF THE RESIGNATIONS**

**NOW, THEREFORE, BE IT RESOLVED**, that the Resignations shall be, and hereby are, adopted, approved, and ratified; and

**RESOLVED**, that the Authorized Officer be, and with full authority to act without the others is, hereby authorized and directed, in the name and on behalf of the Company, to make all such arrangements and to do and perform any and all acts as may be appropriate or necessary in connection with the Resignations, including entering resignations letters, or as may otherwise be appropriate or necessary in order to implement fully the foregoing resolutions, including, without limitation, taking any actions appropriate or necessary to cause Thomas W. Frank and Thomas Ryan Frank to be removed or otherwise no longer associated with the Company as agents and/or

contact persons for the Company with the Illinois Department of Natural Resources, the Mine Safety and Health Administration, the Internal Revenue Service, the Illinois Department of Revenue, and the Illinois Secretary of State to the extent such removal or disassociation is legally permissible and commercially reasonable, execution and delivery of any and all papers, agreements, documents, instruments and certificates as may be appropriate or necessary, and that the making of any such arrangements, the performance of any such acts and the execution, filing and/or delivery, as applicable, by the Authorized Officer of any such papers, agreements, documents, instruments and certificates shall conclusively establish the authority of the Authorized Officer with respect thereto.

**4. GENERAL**

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officer, the Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Officer's (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that the Members of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all actions taken by the Authorized Officer (and his designees and delegates) to carry out the purposes and intent of the foregoing resolutions prior to their adoption are approved, ratified, and confirmed;

**FURTHER RESOLVED**, that the Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as the Authorized Officer shall deem necessary or desirable in the Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein;

**FURTHER RESOLVED**, that this written consent shall have the same force and effect as a vote of the members of the Company at a duly called meeting and shall be effective as of the date hereof;

**FURTHER RESOLVED**, that this written consent may be executed in counterparts by facsimile, PDF, scan or other form of electronic submission;

**FURTHER RESOLVED**, that this written consent be filed with the minutes of proceedings of the members of the Company in the Company's minute book; and

**FURTHER RESOLVED**, that the undersigned hereby waive any and all notice requirements with respect to this written consent.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

**MEMBERS:**

**White Stallion - Eagle River, LLC**, a limited liability company organized in Indiana

Rashda Buttar

The Executive Committee of White Stallion Energy, LLC, the sole member of White Stallion - Eagle River, LLC, a limited liability company organized in Indiana, a majority of the Members of the Company

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

**MEMBERS:**

**WARE Energy, LLC**

By: ______________________

Name: Thomas Ryan Franks

Title: Member

By: ______________________

Name: Thomas Walker Franks

Title: Member

By: ______________________

Name: Amanda F. Holland

Title: Member

By: ______________________

Name: Elizabeth L. Pilcher

Title: Member

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first set forth above.

**MEMBERS:**

**Franks LLC**

By: ______________________

Name: Thomas W. Franks

Title: Manager

**EXHIBIT A**

**FORM OF RESIGNATION LETTER**

January ___, 2021

Effective immediately, the undersigned hereby (a) irrevocably resigns from any and all positions that the undersigned holds as an officer or member of the board of directors and/or the board of managers (or any similar governing body) of the Eagle River Coal, LLC, an Indiana limited liability company (the "**Company**"), and (b) confirms that he has no claims whatsoever against the Company in respect of remuneration, fees or otherwise, compensation for loss of office, redundancy, unfair dismissal, or on any account whatsoever.

A copy of this resignation signed and delivered by telecopy, facsimile or other electronic transmission shall be considered an original, executed document.

Sincerely,

_________________________________
By: [*Name*]