# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WHITE STALLION ENERGY, LLC., *et al.*,[1] | ) Case No. 20-13037 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| EAGLE RIVER COAL, LLC, | ) Case No. 21-10118 (LSS) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax I.D. No. 26-4206614 | ) |

### DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
### (I) DIRECTING JOINT ADMINISTRATION OF ADDITIONAL CASE,
### (II) APPLYING ORDERS PREVIOUSLY ENTERED BY THE COURT TO THE
### CHAPTER 11 CASE OF EAGLE RIVER, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (i) directing procedural consolidation and joint administration of the chapter 11 case of Eagle River Coal, LLC ("Eagle River") with the jointly administered cases of the Initial Debtors (as defined herein); (ii) applying any and all orders that were previously entered by the Court in the Initial Debtors' chapter 11 cases, and that are applicable to Eagle River, with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: White Stallion Energy, LLC (2360); Alchemy Fuels, LLC (N/A); Carbo*Prill, LLC (8385); Chili Pepper Mines, LLC (2247); Friendsville Mine LLC (8489); Liberty Mine, LLC (3730); Red Brush West, LLC (3940); Solar Sources Mining, LLC (3628); Trust Resources, LLC (1983); Vigo Coal Land, LLC (9585); Vigo Coal Operating Co., LLC (7462); Vigo Coal Sales, LLC (1325); Vigo Cypress Mine LLC (9409); Vigo Equipment, LLC (5629); Vigo Sunna, LLC (7468); White Stallion – Eagle River, LLC (6743); White Stallion – Solar, LLC (9457); White Stallion Acquisition, LLC (2298); and White Stallion Holdings, LLC (3645). The location of the Debtors' headquarters is: 250 N. Cross Pointe Blvd., Evansville, Indiana 47715.

27643210.1

equal force and effect to the Eagle River; and (iii) granting related relief. In further support of this motion, the Debtors submit the *Declaration of David J. Beckman in Support of Debtors' Motion Seeking Entry of an Order (I) Directing Joint Administration of Additional Case, (II) Applying Orders Previously Entered by the Court to the Chapter 11 Case of Eagle River, and (III) Granting Related Relief* (the "Beckman Declaration"), attached hereto as **Exhibit B**, and incorporated herein by reference.

2. Specifically, as to joint administration, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of White Stallion Energy, LLC, and that these chapter 11 cases be administered under the following caption:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE STALLION ENERGY, LLC., *et al.*,[1] | ) | Case No. 20-13037 (LSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: White Stallion Energy, LLC (2360); Alchemy Fuels, LLC (N/A); Carbo*Prill, LLC (8385); Chili Pepper Mines, LLC (2247); Eagle River Coal, LLC (6614); Friendsville Mine LLC (8489); Liberty Mine, LLC (3730); Red Brush West, LLC (3940); Solar Sources Mining, LLC (3628); Trust Resources, LLC (1983); Vigo Coal Land, LLC (9585); Vigo Coal Operating Co., LLC (7462); Vigo Coal Sales, LLC (1325); Vigo Cypress Mine LLC (9409); Vigo Equipment, LLC (5629); Vigo Sunna, LLC (7468); White Stallion – Eagle River, LLC (6743); White Stallion – Solar, LLC (9457); White Stallion Acquisition, LLC (2298); and White Stallion Holdings, LLC (3645). The location of the Debtors' headquarters is: 250 N. Cross Pointe Blvd., Evansville, Indiana 47715.

3. The Debtors also request that an entry be made on Eagle River's docket substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Alchemy Fuels, LLC (N/A); Carbo*Prill, LLC (8385); Chili Pepper Mines, LLC (2247);

27643210.1

    Eagle River Coal, LLC (6614); Friendsville Mine LLC (8489); Liberty Mine, LLC (3730); Red Brush West, LLC (3940); Solar Sources Mining, LLC (3628); Trust Resources, LLC (1983); Vigo Coal Land, LLC (9585); Vigo Coal Operating Co., LLC (7462); Vigo Coal Sales, LLC (1325); Vigo Cypress Mine LLC (9409); Vigo Equipment, LLC (5629); Vigo Sunna, LLC (7468); White Stallion – Eagle River, LLC (6743); White Stallion – Solar, LLC (9457); White Stallion Acquisition, LLC (2298); White Stallion Energy, LLC (2360); and White Stallion Holdings, LLC (3645). All further pleadings and other papers shall be filed in and all further docket entries shall be made in *In re White Stallion Energy, LLC*, Case No. 20-13037 (LSS).

4. In addition, as to the previous orders entered by the Court in the Initial Debtors' chapter 11 cases, the Debtors request that any and all orders previously entered by the Court in the Initial Debtors' chapter 11 cases that are applicable to Eagle River, including applicable "first day" orders and orders approving retention applications, be deemed to extend and apply with equal force and effect to the chapter 11 cases of Eagle River.

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

27643210.1

3

7.    The bases for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, Bankruptcy Rule 1015(b), Local Rules 1015-1 and 9013-1(m), and the legal predicates cited in support of all of the orders previously entered by the Court in the chapter 11 cases that are applicable to Eagle River.

**Background**

8.    On December 2, 2020, White Stallion Energy, LLC and 18 of its affiliates (collectively, the "Initial Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances surrounding the chapter 11 cases is set forth in the *Declaration of David J. Beckman, Chief Operating Officer of White Stallion Energy, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 9][2] (the "First Day Declaration"),[3] filed on December 3, 2020.

9.    The Initial Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 57]. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 11, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1103 of the Bankruptcy Code [Docket No. 85].

10.    On the date hereof, Eagle River filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[2]  Unless otherwise indicated, docket references included herein refer to the jointly administered case, *White Stallion Energy, LLC, et al.*, Case No. 20-13037 (LSS).

[3]  Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

27643210.1

**Basis for Relief**

11. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Eagle River and the Initial Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases: An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

13. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del. Mar. 10, 2020) (directing joint administration of chapter 11 cases); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Dec. 18, 2019) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del Oct. 1, 2019)

(same).[4]  Additionally, this Court has previously approved the relief requested in this motion. *See In re Woodbridge Grp. of Cos., LLC*, No. 17-12560 (KJC) (Bankr. D. Del. Feb. 13, 2018; Mar 12, 2018; Mar. 28, 2018) (granting joint administration of additional debtors' cases with initial debtors' cases, and applying all applicable previously entered orders to the additional debtors' cases).

14. Eagle River's operations are interconnected with and co-dependent upon the Initial Debtors' operations, and share many of the same creditors and other parties in interest.  Given the commercial and corporate relationships among the Debtors, joint administration of Eagle River's chapter 11 case with the Initial Debtor's chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders that will arise in the Debtors' chapter 11 cases will affect each and every Debtor, including Eagle River.  Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections.  Moreover, joint administration will also simplify supervision of the administrative aspects of these cases by the U.S. Trustee and allow all parties in interest to monitor the Debtors' chapter 11 cases with greater ease and efficiency.

15. Joint administration of the Debtors' chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors, because the Debtors seek only administrative, not substantive, consolidation of Eagle River's estate with the Initial Debtors' estates.  Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of Eagle River's chapter 11 case with the Initial Debtors' chapter 11 cases.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' counsel.

16. For these reasons, Eagle River and the Initial Debtors respectfully submit that the joint administration of these chapter 11 cases is appropriate and is in the best interests of all of the Debtors, their estates, their creditors, and all other parties in interest.

17. Additionally, Eagle River requests that any and all orders previously entered by the Court in the Initial Debtors' chapter 11 cases that are applicable to Eagle River be deemed to extend and apply with equal force and effect to the chapter 11 case of Eagle River. Requiring Eagle River to separately request the relief granted by the orders previously entered by the Court would be cumbersome and inefficient, wasting estate resources and the Court's time, when the Court has already found that the previously granted relief for the Initial Debtors is proper. This is particularly true in this case where, subject to filing an updated list of utility providers, the Debtors do not need any additional relief granted beyond what the Court has already approved in the previous orders. Further, it is critical to the success of Eagle River's efforts to maximize the value of its estate that, for instance, the Initial Debtors' claims, noticing, and balloting agent be able to represent Eagle River in connection with the chapter 11 process.

18. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## Notice

19. The Debtors will provide notice of this motion to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition ABL Agent; (iv) counsel to the Prepetition Term Loan Agent and DIP Agent; and (v) all parties who have requested notice in the Debtors' chapter 11 cases pursuant to Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: January 26, 2021
       Wilmington, Delaware

/s/ *S. Alexander Faris*
M. Blake Cleary (No. 3614) (mbcleary@ycst.com)
Jaime Luton Chapman (No. 4936) (jchapman@ycst.com)
S. Alexander Faris (No. 6278) (afaris@ycst.com)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

Chris L. Dickerson (admitted *pro hac vice*)
Nathan S. Gimpel (admitted *pro hac vice*)
Mike Jones (admitted *pro hac vice*)
Matthew Smart (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Todd M. Schwartz (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
1117 South California Avenue
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

*Co-Counsel to the Debtors and Debtors in Possession*